IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **VS.** | ) | 7:92-cr-237-JHH-TMP |
| **CLEO HAROLD CROUT.** | ) | |

### MEMORANDUM OF OPINION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582(c)(2) motion (Doc. #24), on March 3, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive Crack Amendment to the Sentencing Guidelines which became effective on November 1, 2007 and made retroactive effective March 3, 2008.  The focus of the motion is the statutorily mandated five year custodial sentence imposed under Count One for his violation of 21 U.S.C. § 841(a)(1) involving 5 grams or more of a mixture or substance which contained cocaine base (crack cocaine).[1]  Movant did not begin serving this sentence until 2007 after his release from state custody. Since the Crack Amendment did not and could not have any effect on the statutory

---

[1] A statutorily mandated consecutive five year sentence was imposed under Count Two for violation of 18 U.S.C. § 924(c)(1).  This consecutive sentence is not the subject of the § 3582 motion and is totally unaffected by U.S.S.C. amended Guideline § 1B1.10, which became effective March 3, 2008 (the "Crack Amendment").

minimum sentence set by Congress, movant is not entitled to consideration under the Crack Amendment.

A separate order will be entered denying the motion as set forth herein. Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i). If defendant was represented by appointed counsel at trial or on appeal, defendant is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If defendant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, defendant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the denial of the § 3582(c)(2) motion. The Clerk is DIRECTED to provide defendant with an application to proceed *in forma pauperis* form.

**DONE** this the __4th__ day of June, 2008.

*James H. Hancock*
_____
SENIOR UNITED STATES DISTRICT JUDGE